■ RAFAEL DIAMOND JEWELRY IMPORT, INC., Doing Business as RAFAEL INC., Appellant, v UNDERWRITERS AT LLOYDS OF LONDON, ENGLAND, Subscribing to Cover Note Number ZJB8801876-201M Issued by Hartley Cooper Associates Limited, et al., Respondents.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered on or about June 4, 1991, dismissing the complaint with prejudice, unanimously affirmed, with costs.

An IAS Court should be accorded wide latitude in determining appropriate sanctions for dilatory conduct *(Sawh v Bridges,* 120 AD2d 74, *appeal dismissed* 69 NY2d 852), and in the circumstances presented it cannot be said that the court erred in dismissing the complaint. Nor can it be said that the court erred in placing the obligation to find and produce the absent witness, Fred Tawil, upon plaintiff. Plaintiff's counsel agreed, at the close of the deposition of plaintiff's principal, to produce the other "50% owner".

The record rebuts plaintiff's claim that due diligence was exercised in the attempt to serve the missing witness. Moreover, only after the scheduled examination of Mr. Tawil was adjourned numerous times and a motion made to strike the complaint did plaintiff claim that the witness was a former employee, not subject to its control. It is apparent that the assertion by plaintiff's principal, Rafael Cohen, that Tawil had not been employed by plaintiff since 1988 and had nothing to do with the placement of insurance is belied both by a document which discloses that Tawil signed the proposal for insurance dated January 19, 1989 and by Cohen's previous deposition testimony that it was Tawil who notified plaintiff's insurance broker, defendant A&W Enterprises, of the loss on the date it occurred, March 16, 1989. Supreme Court was therefore justified in concluding that the assertion in opposition to the motion to strike was a fabrication and thus in striking the complaint pursuant to CPLR 3126 (3). Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.